UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JORGE GARCIA, | |
| Plaintiff, | |
| v. | Case No. 3:22-CV-928-CCB |
| LOWE'S HOME CENTERS, LLC, | |
| Defendant. | |

## ORDER

Plaintiff Jorge Garcia sued Lowe's Home Centers, LLC ("Company") in the LaPorte County Circuit Court for negligence after he fell in one of the Company's stores. [DE 4]. The Company removed the case to the Northern District of Indiana on the basis of diversity jurisdiction under 28 U.S.C. §§ 1441, 1446 and 1332. [DE 1]. The Company seeks summary judgment on Mr. Garcia's claim. [DE 34].

I. **Preliminary Matters**

   a. **Non-Compliance with local rules**

To start, the Court will address the Company's failure to follow the summary judgment procedure as required by the local rules. The local rules require that a party moving for summary judgment file a "Statement of Material Facts" that includes "numbered paragraphs for each material fact the moving party contends is undisputed." N.D. Ind. L.R. 56-1(a)(3). In response, the non-moving party is required to file a "Response to Statement of Material Facts" that includes a "citation to evidence supporting each dispute of fact." N.D. Ind. L.R. 56-1(b)(2). The Company moved for summary judgment but did not file a statement of material facts as required under N.D. Ind. L.R. 56-1(a)(3). Because the Company did not file a statement of material facts, Mr. Garcia was unable to conform to N.D. Ind. L.R 56-1(b)(2). To account for the Company's failure to comply with the

Local Rules, Mr. Garcia moved to file a response to the factual statements within the Company's summary judgment brief. [DE 43]. Mr. Garcia's proposed response restates the factual allegations from the Company's summary judgment brief in numbered paragraphs and identifies disputes of facts using citations to evidence. [*See* DE 43-1]. The Company filed no response in opposition to Mr. Garcia's motion. District Courts have discretion to overlook failures to comply with local rules. *Stevo v. Frasor*, 662 F.3d 880, 886 (7th Cir. 2011). Here, the Company's failure to comply with the local rules does not inhibit the Court's ability to resolve the pending motion for summary judgment. As such, the Plaintiff's Motion to Conform Pleadings to Local Rule is **GRANTED**. [DE 43].

### b. Motions to seal exhibits

Also pending before the Court are motions for leave to file exhibits under seal. [DE 36, DE 40]. The parties seek to file the exhibits under seal because they are designated as confidential under their Uniform Stipulated Protective Order. [*See* DE 31]. However, a document's confidential designation pursuant to a protective order does not automatically justify the permanent sealing of the information once it becomes part of the Court's record. When deciding whether to maintain any document under seal, a court must determine whether good cause exists to do so because it is in the public interest to keep court proceedings publicly accessible. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999). "Information that affects the disposition of litigation belongs in the public record unless a statute or privilege justifies nondisclosure." *United States v. Foster*, 564 F.3d 852, 853 (7th Cir. 2009). The parties are **ORDERED** to show cause why the exhibits currently under seal should remain sealed. Each party is required to submit a response by November 25, 2024. Failure to respond by the deadline may result in the Court removing the sealed status of the exhibits which would make them accessible to the public.

Mr. Garcia's motion to file exhibits under seal was filed ex-parte. [DE 40]. The certificate of service filed with the motion states that "[n]otice of this filing will be sent to the following parties by

operation of the Court's Electronic Filing System." [DE 40]. However, the motion was filed ex-parte and it appears that the Company did not have access to the motion, or two exhibits designated by Mr. Garcia. [*See* DE 42, pg. 4, n 2]. The Clerk is **DIRECTED** to remove the ex-parte designation from the Plaintiff's Motion for Leave to File Exhibits Under Seal. [DE 40]. Having reviewed the exhibits, the Court has determined that it can resolve the Company's motion for summary judgment without prejudice to either party.

## II.   Summary Judgment Order

### Relevant Background

The following facts are largely not in dispute. Any disputed facts are either not material or will be addressed in the substantive analysis below.

On October 8, 2020, Mr. Garcia visited the Company's store in Michigan City, Indiana. [DE 42, ¶ 1]. Mr. Garcia walked down an aisle where people were working on the shelving. [*Id.* at ¶ 6]. Mr. Garcia tripped over something in the aisle. [*Id.* at ¶ 8]. Mr. Garcia did not tell anyone at the store about his fall that day. [DE 43-1, ¶ 2]. Instead, Mr. Garcia returned to the store the next day to fill out an incident report. [DE 42, ¶ 4]. The fall caused painful bruising on Mr. Garcia's toes and right knee. [*Id.* at ¶ 5]. Mr. Garcia did not take any photographs of the area where he fell. [DE 43-1, ¶ 2]. He also took no photos of what caused his fall. *Id.* The Company does not have a camera that records the aisle where Mr. Garcia fell. [DE 42, ¶ 15]. And all video surveillance footage from the day of the incident was recorded over. [*Id.* at ¶ 18].

### Legal Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

To determine whether a genuine dispute of material fact exists, the court must review the record, construing all facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). The court must not "sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

"To defeat a motion for summary judgment, the non-moving party cannot rest on the mere allegations or denials contained in his pleadings but must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial." *Robin v. Espo Eng'g Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000) (internal quotations omitted), *overruled on other grounds by Ortiz v. Werner Enters.*, Inc., 834 F.3d 760 (7th Cir. 2016). "Summary judgment is not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (quotations omitted).

## Analysis

The Company moved for summary judgment on Mr. Garcia's negligence claim which is the only claim in his complaint. [*See* DE 4, DE 34]. This Court has subject matter jurisdiction from the diversity of the parties' citizenship, so the substantive law of Indiana governs the analysis of Mr. Garcia's claim, but federal procedural rules govern. *Doermer v. Callen*, 847 F.3d 522, 527-529 (7th Cir. 2017); *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Under the federal rules, a party moving for summary judgment need not present evidence negating the non-movant's claim. *Austin v. Walgreen Co.*, 885 F.3d 1085, 1089 n.1 (7th Cir. 2018). In fact, to succeed on a motion for summary judgment, "[a]ll a federal movant has to do is point to the absence of evidence to support the claim." *Id.* citing *Celotex Corp.*, 477 U.S. at 322.

The Company argues that it is entitled to summary judgment because Mr. Garcia has been unable to identify or present evidence on what made him fall in the aisle. [DE 35]. Mr. Garcia never identifies what made him fall but argues that the Company had actual and constructive knowledge of what caused his fall because people were working in the aisle immediately before Mr. Garcia fell. [DE 39]. In Indiana, the elements of a negligence action are "(1) a duty owed to the plaintiff by the defendant, (2) a breach of the duty, and (3) an injury proximately caused by the breach of duty." *Yost v. Wabash Coll.*, 3 N.E.3d 509, 515 (Ind. 2014) (citing *Pfenning v. Lineman*, 947 N.E.2d 392, 398 (Ind.2011)). What duty a landowner owes a third party who enters their property depends on whether they are an invitee, licensee, or trespasser. *Burrell v. Meads*, 569 N.E.2d 637, 639 (Ind. 1991). The parties do not dispute that Mr. Garcia was an invitee when he visited the Company's store. Indiana uses the language from the Restatement (Second) of Torts to define the duty owed to an invitee:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

*Id.* (*citing* Restatement (Second) of Torts § 343 (1965)). A landowner need not ensure an invitee's safety, so a landowner will only be liable if it had "actual or constructive knowledge" of a danger. *Schulz v. Kroger Co.*, 963 N.E.2d 1141, 1144 (Ind. Ct. App. 2012)(*citing Carmichael v. Kroger Co.* 654 N.E.2d 1188, 1191 (Ind.Ct.App.1995), *trans. denied*). To survive summary judgment, Mr. Garcia must come forward with "specific facts" that show that a negligent condition caused his fall and injuries. *Hayden v. Paragon Steakhouse*, 731 N.E.2d 456, 459 (Ind. Ct. App. 2000). And "inferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*,

573 F.3d 401, 407 (7th Cir. 2009) (*citing Argyropoulos v. City of Alton*, 539 F.3d 724, 732 (7th Cir. 2008)).

Mr. Garcia cannot show that the Company's acts or omissions caused his fall because no one, not even Mr. Garcia, can identify what he tripped over. At his deposition, Mr. Garcia testified that he tripped on "something" in the aisle. [DE 37, Ex. B, pg. 10]. Mr. Garcia reasoned that he tripped over something left by those working in the aisle, but he has never pinpointed what this unidentified "something" was. [DE 37, Ex. B, pg. 10, 22-24].[1] The facts here are similar to those in *Stack v. Menard, Inc.* where the Seventh Circuit affirmed the district court's summary judgment ruling because the plaintiff failed to present evidence of what caused her fall at a hardware store. No. 21-1628, 2021 WL 5563951 (7th Cir. Nov. 29, 2021). In *Stack*, as here, the plaintiff did not know what caused her to fall, no one saw her fall, and there was no video or photo evidence of what caused her fall. *Id.* at *1. The *Stack* plaintiff argued that because she fell near a raised line in the flooring, a jury could conclude that the raised line made her fall. *Id.* at *2. The *Stack* court rejected this argument and noted that "[j]uries may not infer causation from the mere fact of a fall or from the existence of an alleged defect" and they are likewise not allowed to "speculate about a cause." *Id.* at *2 (citations omitted). In affirming the district court's judgment, the Seventh Circuit reasoned that since there was no evidence of what caused the fall, a jury would have no way to know what caused her fall. *Id.* The same is true here. There is no way to determine whether Mr. Garcia tripped over a shoelace, slipped on materials left by an employee, or stumbled for any other possible reason. Thus, Mr. Garcia has failed to meet his burden as the non-moving party to present evidence of an essential element of his claim – causation. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

---

[1] Mr. Garcia's response brief asserts that he tripped over "shelving materials" left by the workers. [DE 39, pg. 5]. It is undisputed that people were working on the shelfing in the aisle immediately before he fell. [DE 42, ¶ 6]. It is also undisputed that Mr. Garcia tripped on something in the aisle. [DE 42, ¶ 3]. However, Mr. Garcia has not designated any evidence showing that he fell over shelving material. To conclude that he tripped over shelving material would require pure speculation.

Mr. Garcia invites the Court to infer that the Company had constructive knowledge of what made him fall because its employees were working in the aisle before Mr. Garcia fell. [DE 39, pg. 5-8]. Constructive knowledge of a condition requires that the condition "has existed for such a length of time and under such circumstances that it would have been discovered in time to have prevented injury if the storekeeper, his agents or employees had used ordinary care." *Schulz*, 963 N.E.2d at 1144 (*quoting Wal–Mart Stores, Inc. v. Blaylock*, 591 N.E.2d 624, 628 (Ind. Ct. App. 1992), *trans. denied*). Here, Mr. Garcia presents no evidence of how long the unknown condition was present. Even more, nothing establishes how long the workers were in the aisle before Mr. Garcia fell. In fact, Mr. Garcia concedes that they were working in the aisle for an "indeterminate amount of time" before he fell. [DE 39, pg. 7]. Based on this record, the condition could have been in the aisle for hours, or the condition could have emerged just before Mr. Garcia fell. Without evidence showing how long the dangerous condition existed or even how long the workers were in the aisle, Mr. Garcia cannot show that the Company had constructive knowledge.

Mr. Garcia argues that the Company failed to preserve video evidence after Mr. Garcia reported the incident. [DE 39, pg. 6, 8]. He contends that he is entitled to an inference that the missing surveillance video would have identified the dangerous condition, shown Company employees working in the aisle, and revealed that the employees quickly removed the dangerous condition after he fell. *Id.* The Company asserts that it had no duty to preserve the camera footage. [DE 42, pg. 5]. A party only has a duty to preserve evidence when it "knows, or should have known, that litigation was imminent." *Chandler v. Buncich*, No. 2:12 CV 175, 2012 WL 4343314, at *1 (N.D. Ind. Sept. 24, 2012). It is not necessary for the Court to analyze whether the Defendant had a legal duty to preserve the surveillance video because simply establishing that a party has a duty to preserve evidence is not enough to warrant an inference that missing evidence would help the moving party's case. *Bracey v. Grondin*, 712 F.3d 1012, 1019 (7th Cir. 2013). The party seeking an

7

inference has the burden of showing that evidence was destroyed in bad faith. *Id.* And, "[a] document is destroyed in bad faith if it is destroyed for the purpose of hiding adverse information." *Faas v. Sears, Roebuck & Co.,* 532 F.3d 633, 644 (7th Cir.2008) (quotation omitted). Mr. Garcia has presented no evidence that the Company acted in bad faith. Instead, he simply argues that the Company failed to preserve video evidence after Mr. Garcia reported the incident. [DE 39, pg. 6]. However, simply failing to preserve surveillance footage does not equal the bad faith destruction of evidence. *Bracey*, 712 F.3d 1012 at 1019. The Court will not conclude that the Company acted in bad faith without proof supporting such a conclusion.

Summary judgment is the "put up or shut up moment in a lawsuit." *See Hammel*, 407 F.3d at 859. There is no evidence showing what made Mr. Garcia fall, which means there is no evidence related to the causation element of his negligence claim. Further, Mr. Garcia has failed to designate evidence showing that the Company had actual or constructive knowledge of the condition that caused his fall. Finally, Mr. Garcia has not met his burden of showing that the Company destroyed evidence in bad faith, so he is not entitled to an inference that any missing surveillance footage would have contained evidence favorable to his case. As such, Mr. Garcia has not established any genuine issue of material fact, so the Company is entitled to judgment as a matter of law.

III. **Conclusion**

The Defendant's Motion for Summary Judgment [DE 34] is **GRANTED**. Accordingly, the previously continued final pretrial conference and jury trial dates [DE 45] will not be rescheduled. The Plaintiff's Motion to Conform Pleadings to Local Rule is **GRANTED**. [DE 43]. Further, both parties moved to file exhibits under seal. [DE 36, DE 40]. The parties are **ORDERED** to show cause why the exhibits currently under seal should remain sealed. Each party is required to submit a response by November 25, 2024. The Clerk is **DIRECTED** to remove the ex-parte designation from the Plaintiff's Motion for Leave to File Exhibits Under Seal. [DE 40].

SO ORDERED.

November 8, 2024

                                                  /s/*Cristal C. Brisco*
                                                  CRISTAL C. BRISCO, JUDGE
                                                  UNITED STATES DISTRICT COURT